# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# AMARILLO DIVISION

| | | |
|---|---|---|
| **SATYA INVESTMENTS DBA SUPER 8,** § § § | | |
| *Plaintiff,* § | | |
| § | | |
| **v.** § | CIVIL ACTION NO. 2:24-cv-21 | |
| § | | |
| **CONSTITUTION INSURANCE COMPANY,** § § § | | |
| *Defendant.* § | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### I. PARTIES

1. Plaintiff, Satya Investments dba Super 8 (hereinafter referred to as the "plaintiff" or "insured"), is a domestic limited liability company registered in the State of Texas.

2. Defendant, Constitution Insurance Company (hereinafter referred to as the "defendant" or "Constitution") is a New York corporation with its principal place of business in Nebraska. Constitution may be served with process by serving its agent for service: Corporation Service Company at 24 East 7th St., Suite 620 in Austin, Texas 78701-3218.

### II. JURISDICTION

3. The Court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because plaintiff and defendant are citizens of different U.S. states, and the amount in controversy exceeds $75,000, excluding interest and costs.

### III. VENUE

4. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

1

## IV. CONDITIONS PRECEDENT

5.      All conditions precedent have been performed or have occurred.

## V. FACTS

6.      Plaintiff is the owner of commercial property insurance policy number 0062502343, which was issued by Constitution (hereinafter referred to as the "policy").

7.      Plaintiff owns the insured property that is specifically located at 411 Avenue F NE in Childress, Texas 79201 (hereinafter referred to as the "property").

8.      Defendant or its agent sold the policy insuring the property to plaintiff.

9.      On or about May 31, 2022, plaintiff's property sustained severe damage from a storm that produced large hail at plaintiff's property. Plaintiff submitted a claim to Constitution against the policy for the severe damage to the property caused by the storm. Constitution acknowledged the claim and assigned claim number 4081458 which was handled by Constitution' third party adjusters, William Chandler and Danny Brown with Crawford GTS.

10.     On December 8, 2022, Defendant had the property inspected by Matthew J. Hill, P.E. with Halliwell Engineering Associates. While Mr. Hill confirmed damage to the property's roof from hail and that hail occurred at the property on the date of loss, he opined that the buildings had been affected by multiple historical instances of hail. He further stated that recent hail fall, including the reported date of loss, was small and had low energy affecting only gutters and west facing window screen frames and vinyl heading. Accordingly Defendant wrote its estimate for $16,688.81 and issued a check to Plaintiff in the amount of $11,685.31 after it deducted depreciation. Even though the storm caused significant damage to the property, Constitution underpaid the claim and has continually failed to perform any additional investigation of the property to properly adjust the claim. Constitution did not conduct a thorough inspection and did

not make appropriate allowances for the damage. As a result of Constitution's unreasonable investigation, the insured was wrongly denied the full cost to repair the property's roofing system as well as its exterior, doors, and signage.

11. Plaintiff retained Kevin Small with Mutual Group Inc. to inspect the property. In May 2023, Mr. Small photographed the damage found at the property and evaluated the cost to repair and replace the damage in the amount of $762,122.82. Plaintiff asked Constitution to cover the cost of repairs to the property pursuant to the policy and any other available coverages under the policy. Constitution declined to do so.

12. Constitution failed to properly adjust the claim and further has denied coverage of the claim without an adequate investigation or explanation, even though the policy provided coverage for losses such as those suffered by the insured.

13. To date, Constitution continues to deny full payment for the damages to the property. As such, the insured's claim remains unpaid, and the insured still have not been able to properly repair the property.

## VI. COUNT 1 - BAD FAITH

14. Plaintiff is an insured under an insurance contract issued by Constitution, which gave rise to a duty of good faith and fair dealing.

15. Defendant breached the duty by denying and delaying payment of a covered claim when defendant knew or should have known its liability under the policy was reasonably clear.

16. Following its receipt of documentation from the insured showing evidence of the damage, Constitution possessed all information necessary to enable it to make a fair coverage and payment determination on plaintiff's claim. In addition, following its initial inspection, Constitution failed to provide coverage for the covered damage, including the damage that plaintiff's inspector

discovered during his inspection. Although Constitution should have designed its claims investigation system in a manner that would ensure timely claim payments, reasonable property inspections, and thorough property inspections, Constitution failed to honor its obligation to perform a reasonable investigation and issue timely payment to plaintiff.

17. Defendant's breach of duty proximately caused injury to plaintiff, which resulted in damages of the loss of policy benefits.

### VII. COUNT 2 - BREACH OF CONTRACT

18. In addition to other counts, Constitution breached its contract with plaintiff.

19. Plaintiff and defendant executed a valid and enforceable insurance contract. The contract stated that defendant would pay the replacement cost of all damage which occurred to plaintiff's property caused by a covered peril, and that plaintiffs would pay insurance premiums and perform other obligations as outlined in the insurance policy.

20. Plaintiff fully performed its contractual obligations.

21. Constitution breached the contract by refusing to pay the full amount of the cost to repair or replace the property. Constitution failed and refused to pay the fair amount of the proceeds of the policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property. Constitution did this even though all conditions precedent to recovery upon the policy had been carried out and accomplished by plaintiff.

22. Plaintiff seeks unliquidated damages within the jurisdictional limits of this court.

23. <u>Attorney Fees.</u> Plaintiff is entitled to recover reasonable attorney fees under Texas Civil Practice & Remedies Code chapter 38 because this suit is for breach of a written contract. Plaintiff retained counsel, who presented plaintiff's claim to Constitution. Constitution did not tender the amount owed within 30 days of when the claim was presented.

## VIII. COUNT 3 – DECEPTIVE INSURANCE PRACTICES

24.   Constitution failed to explain to plaintiff the reasons for defendant's denial of an adequate settlement.  Defendant failed to offer plaintiff adequate compensation without adequate explanation of the basis in the policy for its decision to make less than full payment.  Furthermore, Constitution did not communicate that any future settlements or payments would be forthcoming to pay for the losses covered under the policy, nor did they provide any explanation for the failure to adequately settle plaintiff's claim.

25.   Constitution failed to affirm or deny coverage of plaintiff's claim within a reasonable time.  Specifically, plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Constitution.

26.   Constitution refused to fully compensate plaintiffs under the terms of the policy and further failed to conduct a reasonable investigation.  Constitution performed an outcome-oriented investigation of the plaintiff's claim which resulted in a biased, unfair, and inadequate evaluation of plaintiff's losses on the property.

27.   Constitution failed to meet its obligations under the Texas Insurance Code regarding its duties to timely acknowledge plaintiff's claim, begin an investigation of plaintiff's claim, and request all information reasonably necessary to investigate plaintiffs's claim within the statutorily mandated time of receiving notice of plaintiff's claim.

28.   Constitution failed to accept or deny plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information.  In addition, Constitution failed to communicate with plaintiff to ensure that plaintiff understood the coverage denials plaintiff received.

29.   Defendant's acts or practices violated:

      a.    Texas Insurance Code Chapter 541, subchapter B and Texas Business and Commerce Code Chapter 17 by:

      (1)    Not attempting in good faith to bring about a prompt, fair, and equitable settlement of a claim once the insurer's liability becomes reasonably clear. TEX. INS. CODE §541.060(a)(2)(A); TEX. BUS. & COM. CODE § 17.50(a)(4).

      (2)    Not promptly giving a policyholder a reasonable explanation, based on the policy as it relates to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim. TEX. INS. CODE §541.060(a)(3); TEX. BUS. & COM. CODE § 17.50(a)(4).

      (3)    Not affirming or denying coverage within a reasonable time. TEX. INS. CODE §541.060(a)(4)(A); TEX. BUS. & COM. CODE § 17.50(a)(4).

      (4)    Refusing to pay a claim without conducting a reasonable investigation. TEX. INS. CODE §541.060(a)(7); TEX. BUS. & COM. CODE § 17.50(a)(4).

      b.    Texas Insurance Code Chapter 541.151.

      c.    Texas Business & Commerce Code § 17.50(a)(4).

30.    Defendant's acts and practices were a producing cause of injury to plaintiff which resulted in the following damages:

      a.    actual damages; and

      b.    insurance policy proceeds.

31.    Plaintiff seeks damages within the jurisdictional limits of this Court.

32.    <u>Additional damages.</u> Defendant acted knowingly, which entitles plaintiffs to recover treble damages under Texas Insurance Code section 541.152(b).

33.    <u>Attorney fees.</u> Plaintiff is entitled to recover reasonable and necessary attorney fees under Texas Insurance Code section 541.152(a)(1).

## IX. COUNT 4 - LATE PAYMENT OF CLAIMS

34. Plaintiff is an insured under a contract for commercial insurance issued by defendant.

35. Defendant Constitution is a corporation.

36. Plaintiff suffered a loss covered by the policy and gave proper notice to Constitution of plaintiff's claim.

37. Constitution is liable for the claim and had a duty to pay the claim in a timely manner.

38. Defendant breached its duty to pay plaintiff's claim in a timely manner by not timely:

    a.  acknowledging the claim;

    b.  investigating the claim;

    c.  requesting information about the claim;

    d.  paying the claim after wrongfully rejecting it; and

    e.  paying the claim after accepting it.

39. Constitution's breach of duty caused injury to plaintiff, which resulted in the following damages:

    a.  policy proceeds;

    b.  prejudgment interest

40. <u>Statutory damages.</u>  Plaintiff is entitled to recover actual damages in the amount of the claim, and under Texas Insurance Code section 542.060(a), statutory damages of 18% of the amount of the claim.

41. <u>Attorney fees.</u>  Plaintiff is entitled to recover reasonable attorney fees under Texas Insurance Code section 542.060(b).

## X. JURY DEMAND

42. Plaintiff respectfully requests for a trial by jury.

## XI. PRAYER

43. For these reasons, plaintiff asks that plaintiff be awarded a judgment against defendant for the following:

    a. Actual damages.

    b. Prejudgment and postjudgment interest.

    c. Consequential damages.

    d. Court costs.

    e. Attorneys' fees.

    f. All other relief to which plaintiff is entitled.

Respectfully submitted,

THE JAVED LAW FIRM, PLLC
*/s/ Nohayia Javed*
Nohayia Javed
Texas Bar No. 24074482
Dan D. Simmonds
Texas Bar No. 24027980
1107 Babcock Road, Suite 4
Balcones Heights, Texas 78201
Tel: (832) 360-0476
Fax: (281) 605-5020
attorney@javedlawfirm.com
dsimmonds@javedlawfirm.com
*Attorneys for Plaintiff*